# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No.: |
| RLK KANKAKEE PROPERTIES, LLC AND DANIEL J. HERLIHY, | ) ) ) |
| *Defendants.* | ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, Great Lakes Insurance SE ("Great Lakes"), by its undersigned counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, for its Complaint for Declaratory Judgment and Other Relief against Defendants, RLK Kankakee Properties, LLC ("RLK") and Daniel J. Herlihy ("Herlihy"), alleges as follows:

## NATURE OF ACTION

1. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 and Federal Rules of Civil Procedure 57 seeking a determination of the parties' rights and obligations under a policy of insurance containing commercial general liability coverage issued to Defendant RLK effective from September 5, 2022 to September 5, 2023. Specifically, Great Lakes seeks a declaration that it does not owe a duty to defend, and consequently a duty to indemnify, RLK in the lawsuit captioned *Daniel J. Herlihy v. RLK Kankakee Properties, LLC, et al.,* Case No. 2024LA95, pending in the Circuit Court of Kankakee County, Illinois, County Department, Law Division ("Underlying Action").

2. Based on the allegations of the Complaint in the Underlying Action, the Limitation of Coverage to Designated Premises or Project Endorsement and the Classification Limitation Endorsement apply to prevent the Policy from being triggered. In addition, RLK failed to provide timely notice per its obligations under the Policy.

3. Defendant Herlihy is the Plaintiff in the Underlying Action but Great Lakes does not seek relief from him. He has been named in this lawsuit as a nominal but necessary party. If Defendant Herlihy stipulates that he will be bound by the terms of any judgment or settlement reached in the case, Great Lakes is willing to dismiss him from the litigation without prejudice.

## THE PARTIES

4. Great Lakes is a German insurance company organized under the laws of Germany with its principal place of business in Munich, Germany.

5. RLK is an LLC organized under the laws of Illinois. Upon information and belief, its member is Rick Jones, an individual who is a citizen of Illinois.

6. Upon information and belief, Herlihy is an individual who is a citizen of Illinois.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because it is a dispute between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because the member of RLK is a citizen of Illinois and the conduct at issue giving rise to the Underlying Action took place in Kankakee County, Illinois.

## THE POLICY

9. Great Lakes issued Commercial Policy No. 22GLUK3125 to RLK effective September 5, 2022 to September 5, 2023. The Policy provides Commercial Property and Commercial General Liability coverage to RLK. A true and accurate copy of the Policy's relevant Commercial General Liability provisions is attached hereto as Exhibit A and is Bates labeled GL 0001-59.

10. The Policy limit for commercial general liability coverage is $1,000,000 each occurrence. GL 0016. The locations of the premises covered by the Policy are 584 South Chicago, Kankakee, Illinois and 258 Spencer Court, Bourbonnais, Illinois. *Id.*

11. The Policy contains Commercial General Liability Coverage Form ("CGL Form"), No. CG 00 01 04 13. Coverage A of the CGL Form provides in relevant part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

***

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

***

Ex. A at GL 0017.

12. The Policy also contains the following relevant Condition:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

\*\*\*

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

*Id.* at GL 0027

13. The Policy contains the following pertinent definitions:

**SECTION V – DEFINITIONS**

\*\*\*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

*Id.* at GL 0029, 0031.

4

14. The Policy contains the following **LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT** Endorsement:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Premises:** |
| --- |
| 584 S. CHICAGO, KANKAKEE, IL 60901 |
| 258 SPENCER COURT, BOURBONNAIS, IL 60914 |

| **Project Or Operation:** |
| --- |
| LOC #1: 61000 |
| LOC #2: 60010 |

    **A.**    If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01,** the provisions under this Paragraph **A.** apply:

        **1.**    Paragraph **1.b.** under **Section I. Coverage A. Bodily Injury And Property Damage Liability** is replaced by the following:

            **b.**    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

                **(1)**    The "bodily injury" or "property damage":

                    **(a)**    Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

                    **(b)**    Arises out of the project or operation shown in the Schedule;

*Id.* at GL 0042.

15. The "Premises shown in the Schedule" are 584 South Chicago and 258 Spencer Court. *Id.* The "project or operation shown in the Schedule" is LOC #1: 61000

and LOC #2: 60010. These descriptions correspond to the premium number and class code contained in the "Classification and Premium" section of the Commercial General Liability Coverage Part Declarations page which in turn correspond to the covered premises at 584 South Chicago and 258 Spencer Court. *Id.* at GL 0016.

16. The Policy contains the following **CLASSIFICATION LIMITATION** Endorsement:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> This insurance applies only to bodily injury, property damage, personal or advertising injury and medical expenses arising out of only those operations listed and described in the CLASSIFICATION AND PREMIUM section of the COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS.

*Id.* at GL 0056. As alleged above, the operations listed in the "Classification and Premium" section describe 584 South Chicago and 258 Spencer Court.

## UNDERLYING ACTION

17. On October 7, 2024, Herlihy filed the Underlying Action as described above. Attached hereto as Exhibit B is a true and accurate copy of the Complaint.

18. In the Complaint, Herlihy alleges that on or about July 13, 2023, he was an invitee patron and customer lawfully upon the premises known as Suzy's Saloon located at 111 North 2nd Street, Peotone, Illinois. Exhibit B, ¶5.

19. With respect to RLK, Herlihy alleges that it "owned, leased, controlled, managed and possessed the property located at 111 North 2nd Street, Peotone, Illinois 60468." *Id.,* ¶84.

6

20. Herlihy alleges that RLK "owned, maintained, serviced, installed, repaired, or was responsible for the construction, placement, installation, and height/depth of the ramp connecting the bar area to the back door/restroom area of the property ('ramp')." *Id.,* ¶87.

21. Additional allegations against RLK relate to its conduct in constructing, maintaining, inspecting, repairing and servicing the ramp at 111 North 2nd Street, Peotone, Illinois. *Id.,* ¶¶88, 92-96.

22. Herlihy alleges that on or about July 13, 2023, he was leaving the restroom area of the property at 111 North 2nd Street when he slipped or tripped on the ramp and fell to the floor below. *Id.,* ¶90.

23. Count V alleges negligence against RLK and Count VI alleges construction negligence against RLK. Herlihy alleges that RLK's conduct was the proximate cause of his injuries and he seeks damages as a result.

24. RLK was served with Summons and Complaint on October 22, 2024. It provided first notice of the suit to Great Lakes on July 18, 2025 when it tendered its defense.

25. On July 25, 2025, Great Lakes denied RLK's defense tender. Attached hereto as Exhibit C is a true and accurate copy of the denial letter.

## COUNT I
**(The Limitation of Coverage to Designated Premises or Project Endorsement Applies to Preclude Coverage)**

26. Great Lakes realleges and reiterates each and every allegation contained in Paragraphs 1 through 25 as though fully set forth herein.

27. The Limitation of Coverage to Designated Premises or Project Endorsement modifies the Policy by limiting coverage to "bodily injury" and "property damage" caused by an

7

"occurrence" only if the injury occurs on the premises shown in the Schedule or arises out of the project or operation of the premises shown in the Schedule.

28. The premises and the projects or operations shown in the Schedule are identified as 584 South Chicago, Kankakee, Illinois and 258 Spencer Court, Bourbonnais, Illinois.

29. Herlihy alleges that on July 13, 2023, he was lawfully on the property located at 111 N. Second Street, Peotone, Illinois 60468 when he slipped and fell on a ramp while leaving the back door/restroom area of Suzy's Saloon and suffered bodily injury as a result. Exhibit B, ¶¶84, 86, 90, 112, 121 and 122.

30. Since Herlihy's "bodily injury" did not occur on the designated premises identified in the Policy, Great Lakes does not owe a duty to defend or indemnify Herlihy in the Underlying Action.

WHEREFORE, Great Lakes respectfully asks this Court to enter judgment in its favor and against RLK and Herlihy (i) declaring that Great Lakes does not owe a duty to defend or indemnify RLK in the Underlying Action and (ii) granting such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT II
**(The Classification Limitation Endorsement Applies to Preclude Coverage)**

31. Great Lakes realleges and reiterates each and every allegation contained in Paragraphs 1 through 25 as though fully set forth herein.

32. The Classification Limitation Endorsement restricts coverage to "bodily injury" arising out of only those operations listed and described in the "Classification and Premium" section of the CGL Declarations page.

33. The CGL Declarations page (GL 0016) lists and describes the premises as 584 South Chicago, Kankakee, Illinois, described as "Boarding or Rooming Houses," and 258 Spencer Court, Bourbonnais, Illinois, described as "Apartment Buildings."

34. Herlihy's alleged injuries arose out of the operations of a bar/restaurant located at 111 N. Second Street, Peotone, Illinois 60468, and not the operations at 584 South Chicago in Kankakee or 258 Spencer Court in Bourbonnais.

35. Since Herlihy's "bodily injury" was not caused by the operations listed and described in the Classification and Premium section of the CGL Declarations page, the Classification Limitation Endorsement bars coverage for RLK. Therefore, Great Lakes does not owe a duty to defend or indemnify RLK in the Underlying Action.

WHEREFORE, Great Lakes respectfully asks this Court to enter judgment in its favor and against RLK and Herlihy (i) declaring that Great Lakes does not owe a duty to defend or indemnify RLK in the Underlying Action and (ii) granting such other and further relief as this Court may deem just and proper under the circumstances.

### COUNT III
**(Late Notice)**

36. Great Lakes realleges and reiterates each and every allegation contained in Paragraphs 1 through 25 as though fully set forth herein.

37. The Policy imposes certain conditions on RLK that must be satisfied before the Policy is triggered.

38. Specifically, Section IV, Paragraph 2.a., requires the Insured to notify Great Lakes "as soon as practicable" of an "occurrence" which may result in a claim. Paragraph 2.b. requires the Insured to immediately record the specifics of any suit brought against it and to

notify Great Lakes "as soon as practicable" about the suit. Paragraph 2.c. requires the Insured to "immediately" send copies of any Summonses or suit papers to Great Lakes.

39. RLK was served with the Summons and Complaint on October 22, 2024 but did not provide notice to Great Lakes until it tendered its defense on July 18, 2025, almost nine months later. In addition to being first notice of the suit, it was also Great Lakes' first notice of the occurrence that resulted in Herlihy's claim relating to the injuries he sustained on July 13, 2023.

40. Because RLK failed to provide Great Lakes with notice of an occurrence and suit, and failed to immediately provide it with a copy of the suit papers, it violated its duties under the Conditions set forth in the Policy. Therefore, Great Lakes does not owe a duty to defend or indemnify RLK in the Underlying Action.

WHEREFORE, Great Lakes respectfully asks this Court to enter judgment in its favor and against RLK and Herlihy (i) declaring that Great Lakes does not owe a duty to defend or indemnify RLK in the Underlying Action and (ii) granting such other and further relief as this Court may deem just and proper under the circumstances.

DATED: October 10, 2025

        Respectfully Submitted,

        GREAT LAKES INSURANCE SE

        By:   /s/ Neal R. Novak
               One of its Attorneys

Neal R. Novak, Attorney No. 6181620
Colleen M. Costello, Attorney No. 6274745
Weber Gallagher Simpson Stapleton Fires & Newby LLP
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
nnovak@wglaw.com
ccostello@wglaw.com